**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __DE__
(State)

Case number (*If known*): _____ Chapter __7__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Ikaika Inc.

**2. All other names debtor used in the last 8 years**  N/A

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  88-2569719

**4. Debtor's address**

**Principal place of business**

32 Mercer Street
Number    Street

3rd FLR

New York         NY    10022
City              State  ZIP Code

New York County
County

**Mailing address, if different from principal place of business**

_____
Number    Street

_____
P.O. Box

_____
City       State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number    Street

_____

_____
City       State    ZIP Code

**5. Debtor's website (URL)**  None

---

Official Form 201       Voluntary Petition for Non-Individuals Filing for Bankruptcy       page 1

Debtor  Ikaika Inc.                                    Case number (*if known*)_____
_____Name_____

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>❑ Partnership (excluding LLP)<br>❑ Other. Specify: _____ |
| **7.** | **Describe debtor's business** | A. *Check one:*<br>❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>❑ Railroad (as defined in 11 U.S.C. § 101(44))<br>❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>❑ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>  5  2  5  9 |
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☒ Chapter 7<br>❑ Chapter 9<br>❑ Chapter 11. *Check **all** that apply*:<br>  ❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).<br>  ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>  ❑ A plan is being filed with this petition.<br>  ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>❑ Chapter 12 |
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br>If more than 2 cases, attach a separate list. | ☒ No<br>❑ Yes.  District _____ When _____ Case number _____<br>                              MM / DD / YYYY<br>      District _____ When _____ Case number _____<br>                              MM / DD / YYYY |

Debtor  Ikaika Inc.                                                                          Case number (*if known*)_____
       <sub>Name</sub>

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ❏ No   See attached Exhibit A<br>☒ Yes.  Debtor _____  Relationship _____<br>         District _____  When _____<br>                                                                                        MM / DD / YYYY<br>         Case number, if known _____ |
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>❏ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>❏ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>     **Why does the property need immediate attention?** (*Check all that apply.*)<br>     ❏ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>        What is the hazard? _____<br>     ❏ It needs to be physically secured or protected from the weather.<br>     ❏ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>     ❏ Other _____<br><br>     **Where is the property?** _____<br>           Number    Street<br>     _____<br>     _____  ____  _____<br>     City                                State  ZIP Code<br><br>     **Is the property insured?**<br>     ❏ No<br>     ❏ Yes. Insurance agency _____<br>           Contact name _____<br>           Phone _____ |

### Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>❏ Funds will be available for distribution to unsecured creditors.<br>☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☒ 1-49      ❏ 1,000-5,000      ❏ 25,001-50,000<br>❏ 50-99     ❏ 5,001-10,000     ❏ 50,001-100,000<br>❏ 100-199   ❏ 10,001-25,000   ❏ More than 100,000<br>❏ 200-999 |

Debtor __Ikaika Inc._____    Case number (*if known*)_____
      Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☒ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/30/2026
               MM  /  DD  /  YYYY

✗ */s/ Neil J. Minihane*_____    Neil J. Minihane_____
  Signature of authorized representative of debtor    Printed name

Title __Authorized Signer_____

**18. Signature of attorney**

✗ */s/ Derek C. Abbott*_____    Date  01/30/2026
  Signature of attorney for debtor           MM  /  DD  /  YYYY

Derek C. Abbott_____
Printed name
Morris, Nichols, Arsht & Tunnell LLP_____
Firm name
1201 North Market Street_____
Number     Street
Wilmington_____    DE____    19899-1347_____
City    State    ZIP Code

(302) 658-9200_____    dabbott@morrisnichols.com_____
Contact phone    Email address

3376_____    DE____
Bar number    State

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy          page **4**

**EXHIBIT A**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

   a. RemainCo Data Holding Corporation
   b. RemainCo Data Corporation
   c. Ikaika Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Ikaika Inc.<br><br>Debtor. | Chapter 7<br><br>Case No. 25-_____ (___) |

### **CORPORATE OWNERSHIP STATEMENT**

Ikaika Inc. (the "Debtor") makes this corporate ownership statements pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure. RemainCo Data Corporation owns more than 10% of the outstanding units of the Debtor. No other corporate entity owns more than 10% of the units of the Debtor.

**Fill in this information to identify the case and this filing:**

Debtor Name  Ikaika, Inc.

United States Bankruptcy Court for the: _____  District of  DE
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☒ *Schedule H: Codebtors* (Official Form 206H)
- ☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/30/2026
MM / DD / YYYY

✗ /s/ Neil J. Minihane
Signature of individual signing on behalf of debtor

Neil J. Minihane
Printed name

Authorized Signer
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# OMNIBUS ACTION BY WRITTEN CONSENT
# OF THE BOARD OF DIRECTORS
# IN LIEU OF A MEETING
# OF
# REMAINCO DATA HOLDINGS CORPORATION, REMAINCO DATA CORPORATION, AND IKAIKA, INC.

**Effective January 30, 2026**

Pursuant to Section 141(f) of the Delaware General Corporation Law (the "**DGCL**") and the bylaws of REMAINCO DATA HOLDINGS CORPORATION, a Delaware corporation ("**RemainCo**"), IKAIKA, INC., a Texas corporation, and REMAINCO DATA CORPORATION, a Delaware corporation, (each, a "**Company**" and collectively, the "**Companies**") the undersigned, being the sole member of the Board of Directors (the "**Board**") of the Companies, does hereby consent to and approve the adoption of the following resolutions, by written consent without a meeting, effective as of the date on which the Companies receive the signature hereto necessary to effect the following resolutions (unless otherwise specified in the resolutions):

**Authorizing the Companies' filing of voluntary petitions for Chapter 7 Bankruptcy Liquidations in the United States Bankruptcy Court for the District of Delaware**

**WHEREAS**, Neil J. Minihane, ("**Authorized Officer**") being the sole member of the Board is vested with the responsibility and authority to act on behalf of the Companies that are managed, directly or indirectly, by RemainCo, to complete the 90-day Transition Services Agreement (the "**TSA**") and to evaluate, negotiate, and ultimately determine whether to consummate a dissolution of each Company, either outside of or within bankruptcy proceedings;

**WHEREAS**, the Board from December 2023 through 1st quarter 2025 attempted to address the Companies' balance sheet, financial, and liquidity challenges through various efforts, including negotiations with a select group of the Companies' subordinated secured lenders (the "**Lenders**"), equity investors, and implementation of operational and strategic changes;

**WHEREAS**, the Board retained Armentum Partners ("**Armentum**") in October 2023 to advise and assist RemainCo in contacting potential debt investors, meet with representatives of investors, and provide RemainCo with information in an effort to secure debt financing for a recapitalization. Armentum tasks included assisting in the evaluation of term sheets, formulating negotiation strategies, and supporting negotiations in connection with refinancing. Armentum was unsuccessful in securing any offers to recapitalize RemainCo;

**WHEREAS**, RemainCo effectuated a significant reduction in force in December 2023 but was unsuccessful at cutting to profitability or in securing additional equity from existing investors to support a longer-term bridge to profitability;

**WHEREAS**, RemainCo retained Perella Weinberg Partners ("**PWP**") in March 2024 to provide RemainCo with financial advice and assistance in connection with a

potential transaction and/or capital raise, including identifying potential purchasers and advising and assisting RemainCo in analyzing, structuring, planning, negotiating, and effecting a transaction. PWP was unsuccessful in securing any offers from potential buyers for parts or the entirety of the business, nor was PWP able to identify other investors to recapitalize RemainCo;

**WHEREAS**, RemainCo effectuated a second reduction in force in June 2024 but was unsuccessful at cutting to profitability;

**WHEREAS**, the Companies have been, and continued to be, actively engaged with the senior secured lender (the "**Secured Lender**") and the Lenders to ensure alignment on the approach to tighten the Companies' liquidity position;

**WHEREAS**, the Board successfully secured one (1) valid Letter of Intent in the Spring of 2025, for the public sector portion of RemainCo, which represents approximately 60% of its revenue and assets, however, the Board was unable to secure any additional offers for the entire business or for RemainCo's commercial sector;

**WHEREAS**, on June 16, 2025, the Secured Lenders completed the strict foreclosure process on RemainCo's commercial sector;

**WHEREAS**, on July 3, 2025, RemainCo sold its public sector business to Culmen International, LLC, a Delaware limited liability company (the "**Public Buyer**");

**WHEREAS**, following the sale of RemainCo's public sector business to the Public Buyer and completion of the consensual strict foreclosure sale by the Secured Lender, the Authorized Officer was vested with the exclusive responsibility and authority to act on behalf of the Companies managed, directly or indirectly, by RemainCo, to manage the TSA between the buyers and sellers, preferably outside of a bankruptcy proceeding, followed by a winddown and dissolution of the Companies;

**WHEREAS**, the Board has determined that once RemainCo completed all tasks under the TSA and the Authorized Officer had concluded all the feasible pre-bankruptcy tasks, it would be in the best interests of the Companies and their stakeholders to file Chapter 7 liquidation cases for the Companies to complete the wind down and liquidation of the Companies;

**WHEREAS**, in July 2025, the Authorized Officer was appointed as the sole member of the Board of RemainCo and as the Authorized Officer of RemainCo;

**WHEREAS**, on January 13, 2026, the Secured Lenders completed the second strict foreclosure process on RemainCo's Stock and Asset Purchase Agreement rights;

**WHEREAS**, in connection with the transactions and above actions, and with the cooperation, encouragement and approval of the Secured Lenders, Lenders, and majority of the equity holders, the Companies began preparations for the Companies' bankruptcy cases under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") for purposes of finalizing the financial outcome for the various stakeholders;

WHEREAS, in furtherance of preparations for the Chapter 7 cases, the Companies negotiated a winddown budget with the Lenders and Secured Lenders to fund the TSA period and preparation of the Chapter 7 cases; and

WHEREAS, the Board has determined that it is advisable and in the best interests of each Company and of its respective stakeholders, creditors, members, and other interested parties to commence separate Chapter 7 liquidation cases (each, a "**Bankruptcy Case**") under the Bankruptcy Code, and has further determined that such cases should be commenced promptly to ensure that any remaining assets of each Company may be liquidated for the benefit of its respective stakeholders, creditors, members, and other interested parties.

**Commencement and Prosecution of the Bankruptcy Cases**

NOW, THEREFORE, BE IT RESOLVED, that, in the judgment of the Authorized Officer, it is desirable and in the best interests of each Company, the Secured Lenders, and Lenders of each Company, the majority of the equity holders and other interested parties, for each Company to file its own voluntary petition (each, a "Petition") for relief under the Bankruptcy Code.

RESOLVED FURTHER, that the form, terms and provisions of, the execution, delivery and filing of, and the performance of the transactions and obligations contemplated by each individual Petition be, and hereby are, authorized, approved and adopted in all respects;

RESOLVED FURTHER, that the Authorized Officer be, and hereby is, authorized, directed, and empowered on behalf of and in the name of each Company, and directly on behalf of and in the name of any other Company managed, directly or indirectly by RemainCo, (i) to execute and verify each Company's Petition and all documents ancillary thereto, and to cause each Petition to be filed with the Bankruptcy Court, such Petition to be filed at such time as the Authorized Officer shall determine and to be in the form approved by the Authorized Officer, with the execution thereof by the Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officer, and to take any and all related actions that the Authorized Officer may deem necessary or proper in connection with the filing of each Petition and commencement and prosecution of each Bankruptcy Case, including (i) attending the meeting of creditors pursuant to 11 U.S.C. § 341 on behalf of each Company; (ii) to make or cause to be made prior to the execution thereof any modifications to each Petition or such ancillary documents that, in the judgment of the Authorized Officer, may be necessary, appropriate, or desirable, and (iii) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents that, in the judgment of the Authorized Officer, may be necessary, appropriate, or desirable in connection with the foregoing;

**Retention of Professionals**

RESOLVED FURTHER, that the Authorized Officer be, and hereby is authorized to employ the law firm of Morris, Nichols, Arsht & Tunnell LLP ("**Morris Nichols**") to represent each Company as its general bankruptcy counsel on the terms set forth in its engagement letter with each Company, which is hereby ratified and approved, and to represent and assist each Company in carrying out its respective duties under the Bankruptcy Code, and to take any and all actions to advance RemainCo's rights, including, without limitation, the preparation of and filing of each Petition and related forms, schedules, lists, statements and other papers or documents;

**General Resolutions**

      **RESOLVED**, that the Authorized Officer be, and hereby is, authorized, directed, and empowered on behalf of and in the name of each Company, and directly on behalf of and in the name of any other Company managed, directly or indirectly by RemainCo, to perform each of the Company's obligations under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Officer performing or executing the same shall approve, and the performance or execution thereof by Authorized Officer shall be conclusive evidence of the approval thereof by the Authorized Officer and by each Company;

      **RESOLVED FURTHER**, that the Authorized Officer be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of each Company, to take such actions and execute and deliver such documents as may be required or as the Authorized Officer may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, motions, applications, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Officer shall approve, the taking or execution thereof by the Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officer and by each Company;

      **RESOLVED FURTHER,** the Authorized Officer as the sole member of the Board of RemainCo and authorized signer of each Company has the authority to execute any documents, including these resolutions, on behalf of any Company acting, as applicable, as the sole member of the Board and Authorized Officer of any other Company;

      **RESOLVED FURTHER,** that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and

      **RESOLVED FURTHER**, that, to the extent this written consent is executed and delivered by means of a facsimile machine or other electronic transmission (including e-mail or a ".pdf" signature), this written consent shall be treated in all manners and respects and for all purposes as an original written consent and shall be considered valid, binding and effective for all purposes.

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent and directs that this Omnibus Action by Written Consent be filed with the minutes of the proceedings of the Board. This Omnibus Action by Written Consent is effective and the resolutions herein are adopted as of the date first set forth above.

REMAINCO DATA HOLDINGS CORPORATION

By: */s/ Neil J. Minihane*

Name:  Neil J. Minihane
Title:  Authorized Officer


REMAINCO DATA CORPORATION

By: */s/ Neil J. Minihane*

Name:  Neil J. Minihane
Title:  Authorized Officer


IKAIKA, INC.

By: */s/ Neil J. Minihane*

Name:  Neil J. Minihane
Title:  Authorized Officer


*[Signature Page to Omnibus Action by Written Consent]*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Ikaika Inc.,<br><br>Debtor. | Chapter 7<br><br>Case No. 25-_____ (_____) |

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to section 329(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and rule 2016(b) of the Federal Rules of Bankruptcy Procedure, I certify that Morris, Nichols, Arsht & Tunnell, LLP ("Morris Nichols") is counsel for the above-captioned debtor (the "Debtor"), and that compensation paid to Morris Nichols within one year before the filing of the above-captioned chapter 7 case (the "Bankruptcy Case") (or agreed to be paid to Morris Nichols) for services rendered (or to be rendered) on behalf of the Debtor in contemplation of, or in connection with, the Bankruptcy Case is as follows (the "Compensation"):

For legal services, Morris Nichols has agreed to accept . . . . . . . . . . . . . . . . . . . . . $38,000

Prior to filing this statement Morris Nichols has received . . . . . . . . . . . . . . . . . . $18,182.30

Balance due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $0

2. The source of the compensation paid to Morris Nichols was co-debtor, RemainCo Data Corporation.

3. Morris Nichols has not agreed to share the Compensation with any other person or entity, other than as permitted by section 504 of the Bankruptcy Code.

4. In return for the Compensation, Morris Nichols has agreed to pay the filing fees required to commence this Bankruptcy Case and has further agreed to render legal services relating to this Bankruptcy Case, including:

    a. preparing and filing voluntary petitions for relief under chapter 7 of the Bankruptcy Code, and certain other documents that may be required in connection with such filings;

b.  coordinating with the Clerk of the United States Bankruptcy Court for the District of Delaware and with the chapter 7 trustee appointed in this Bankruptcy Case;

c.  preparing and filing the Schedules and Statement in the Bankruptcy Case; and

d.  representing the Debtor at the meeting of creditors and any adjourned hearings thereof.

5.  By agreement with the Debtor, the Compensation does not include the representation of the Debtor in any adversary proceedings or other contested bankruptcy matters, nor does it include any future non-bankruptcy representation.

## **CERTIFICATION**

I hereby certify that the foregoing is a complete statement of any agreement or arrangement for payment to Morris Nichols for representation of the Debtor in connection with this Bankruptcy Case.

Dated: January 30, 2026
       Wilmington, Delaware

Respectfully submitted,

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Derek C. Abbott*
Derek C. Abbott (No. 3376)
Luke Brzozowski (No. 7377)
1201 Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: dabbott@morrisnichols.com
      lbrzozowski@morrisnichols.com

*Counsel for the Debtor*